IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROCKY MOUNTAIN HEALTH MAINTENANCE ORGANIZATION, INC., Plaintiff, | |
| v. | No. 04-1434 C (Judge Horn) |
| THE UNITED STATES, Defendant. | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 of the complaint constitute conclusions of law and plaintiff's characterizations of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 of the complaint to the extent supported by the contract referenced, which is the best evidence of its contents; otherwise, denies the allegations.

3. Admits that rates are typically reconciled annually; otherwise, the allegations contained in paragraph 3 of the complaint constitute conclusions of law and plaintiff's characterization of the reconciliation process, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in the first sentence of paragraph 4 of the complaint. The allegations contained in

the second and third sentences of paragraph 4 of the complaint constitute conclusions of law and plaintiff's characterization of the audit process, to which no response is required; to the extent they may be deemed allegations of fact, the allegations contained in the second sentence are admitted, and the allegations contained in the third sentence are denied.

5. Admits.

6. The allegations contained in paragraph 6 of the complaint constitute conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 of the complaint constitute conclusions of law and plaintiff's characterizations of the audit report, to which no response is required; to the extent they may be deemed allegations of fact, they are denied except to the extent supported by the referenced audit report, which is the best evidence of its contents.

8. The allegations contained in paragraph 8 of the complaint constitute conclusions of law and plaintiff's characterizations of the audit report and final decision, to which no response is required; to the extent they may be deemed allegations of fact, they are denied except to the extent supported by the referenced audit report and final decision, which are the best evidence of their contents.

9. The allegations contained in the first sentence of paragraph 9 of the complaint constitute conclusions of law and

plaintiff's characterization of its participation in the audit process, to which no response is required; to the extent they may be deemed allegations of fact, defendant admits that plaintiff responded to the draft and final audit reports, and denies that payments are owed to plaintiff and that plaintiff submitted an administrative claim. Admits the allegations contained in the second sentence of paragraph 9 of the complaint.

10. The allegations contained in paragraph 10 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Denies the allegations contained in the first and second sentences of paragraph 11 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Admits the allegations contained in the third and the fourth sentences of paragraph 11 of the complaint to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations.

12. The allegations contained in paragraph 12 of the complaint constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, they are denied.

13. The allegations contained in paragraph 13 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required.

14. Admits the allegations contained in the first sentence of paragraph 14 of the complaint. The allegations contained in the second and third sentences of paragraph 14 of the complaint constitute conclusions of law, to which no response is required.

15. The allegations contained in paragraph 15 of the complaint constitute conclusions of law to which no response is required.

16. The allegations contained in paragraph 16 of the complaint constitute conclusions of law to which no response is required.

17 The allegations contained in paragraph 17 of the complaint constitute conclusions of law to which no response is required.

18. The allegations contained in paragraph 18 of the complaint constitute conclusions of law to which no response is required.

19. The allegations contained in paragraph 19 of the complaint constitute conclusions of law to which no response is required.

20. The allegations contained in paragraph 20 of the complaint constitute conclusions of law, to which no response is required; to the extent they may deemed allegations of fact, they are admitted to the extent supported by the referenced contract,

which is the best evidence of its contents; otherwise, they are denied.

21. The allegations contained in paragraph 21 of the complaint constitute conclusions of law, to which no response is required; to the extent they may deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, they are denied.

22. The allegations contained in paragraph 22 of the complaint constitute conclusions of law to which no response is required.

23. The allegations contained in the first and second sentences of paragraph 23 of the complaint constitute conclusions of law to which no response is required. The allegations contained in the third and fourth sentences of paragraph 23 constitute conclusions of law and plaintiff's characterization of its rate proposal, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced rate proposal, which is the best evidence of its contents; otherwise, they are denied. The allegations contained in the fifth sentence of paragraph 23 constitute conclusions of law and plaintiff's characterization of the process by which the Office of Personnel Management reviews rate proposals, to which no response is required; to the extent they may be deemed allegations of fact, defendant denies that rates are negotiated.

24. The allegations contained in the first sentence of paragraph 24 of the complaint constitute conclusions of law to which no response is required. Admits the allegations contained in the second and third sentences of paragraph 24 of the complaint to the extent supported by the referenced rate proposal and reconciliation documents, which are the best evidence of their contents; otherwise, denies the allegations.

25. The allegations contained in paragraph 25 of the complaint constitute conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 of the complaint constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required.

27. The allegations contained in paragraph 27 of the complaint constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, defendant admits the allegations contained in the second and third sentences, otherwise, denies the allegations.

28. The allegations contained in paragraph 28 of the complaint constitute conclusions of law to which no response is required.

29. The allegations contained in paragraph 29 of the complaint constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact,

they are denied.

30. The allegations contained in paragraph 30 of the complaint constitute conclusions of law to which no response is required, to the extent they may be deemed allegations of fact, they are denied.

31. Admits the allegations contained in the first sentence of paragraph 31 of the complaint. The allegations contained in the second and third sentences of paragraph 31 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies the allegations contained in the first sentence of paragraph 32 of the complaint except to the extent supported by the referenced contracts, which are the best evidence of their contents. The allegations contained in the remaining sentences of paragraph 32 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

33. Denies the allegations contained in paragraph 33 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

34. Denies the allegations contained in paragraph 34 of the complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

35. Denies the allegations contained in paragraph 35 of the

complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

36. The allegations contained in paragraph 36 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in the first and second sentences of paragraph 40 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, they are denied. Denies the allegations contained in the third sentence of paragraph 40.

41. The allegations contained in paragraph 41 of the complaint constitute plaintiff's characterization of its case, to which no response is required; to the extent the allegations may be deemed allegations of fact, the allegations contained in the first, second, fourth, and fifth sentences are admitted, and the allegations contained in the third, sixth, and seventh sentences are denied.

42. The allegations contained in paragraph 42 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are

admitted.

46. The allegations contained in paragraph 46 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, the allegations contained in the first and second sentences are admitted, and the allegations contained in the third sentence are denied.

49. Admits the allegations contained in the first and third sentences of paragraph 49 of the complaint; denies the allegations contained in the second sentence of paragraph 49.

50. Admits the allegations contained in the first and second sentences of paragraph 50 of the complaint to the extent supported by the referenced draft audit report, which is the best evidence of its contents; otherwise denies the allegations. Admits the allegations contained in the third sentence of

paragraph 50.

51. Admits the allegations contained in the first and second sentences of paragraph 51 of the complaint to the extent supported by the referenced document; otherwise, denies the allegations. The remaining allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

52. Admits the allegations contained in the first and second sentences of paragraph 52 of the complaint to the extent supported by the referenced audit report; otherwise, denies the allegations. Denies the allegations contained in the third sentence of paragraph 52. Admits that the auditors did not provide the referenced workpapers relating to the Final Audit Report for 1998 and 2000; otherwise, denies the allegations contained in the fifth sentence of paragraph 52. Denies the allegations contained in the fourth and sixth sentences of paragraph 52 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

53. Admits the allegations contained in the first sentence of paragraph 53 to the extent supported by the referenced response, which is the best evidence of its contents; otherwise, denies the allegations. The allegations contained in the second sentence of paragraph 53 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact,

they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

55. Admits the allegations contained in paragraph 55 to the extent supported by the referenced final decision, which is the best evidence of its contents; otherwise, denies the allegations.

56. The allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

58. Admits.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute

conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

64. The allegations contained in the first, second, third and seventh sentences of paragraph 64 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, defendant denies the allegations contained in the first and seventh sentences, and denies the allegations contained in the second and third sentences for lack of knowledge or information sufficient to form a belief as to the truth of the allegations. Admits the allegations contained in the fourth, fifth, and sixth sentences of paragraph 64 to the extent supported by the audit report, which is the best evidence of its contents; otherwise, denies the allegations.

65. The allegations contained in the first and fourth sentences of paragraph 65 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no

response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 65 to the extent supported by the audit report, which is the best evidence of its contents; otherwise, denies the allegations. Denies the allegations contained in the third sentence of paragraph 65 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

66. The allegations contained in paragraph 66 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

67. The allegations contained in paragraph 67 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required;

to the extent they may be deemed allegations of fact, they are denied.

70. Admits the allegations contained in paragraph 70 of the complaint to the extent supported by the audit report, which is the best evidence of its contents; otherwise, denies the allegations.

71. Denies the allegations contained in the first sentence of paragraph 71 of the complaint except to the extent supported by the referenced contract, which is the best evidence of its contents. Admits the allegations contained in the second sentence of paragraph 71 to the extent supported by the referenced reconciliation, which is the best evidence of its contents; otherwise, denies the allegations. The allegations contained in the third and fourth sentences of paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are

denied.

74. Denies the allegations contained in paragraph 74 of the complaint except to the extent supported by the audit report, which is the best evidence of its contents.

75. The allegations contained in paragraph 75 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

76. Admits the allegations contained in the first and second sentences of paragraph 76 of the complaint to the extent supported by the audit report, which is the best evidence of its contents; otherwise, denies the allegations. The remaining allegations contained in paragraph 76 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, defendant

denies the allegations contained in the first, second, and fifth sentences, and denies the allegations contained in the third and fourth sentences except to the extent supported by the referenced contracts, which are the best evidence of their contents.

79. The allegations contained in paragraph 79 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82. Admits the allegations contained in paragraph 82 of the complaint to the extent supported by the referenced audit reports and response, which are the best evidence of their contents; otherwise, denies the allegations.

83. Admits that the auditors did not provide their workpapers from the final audit report for 1998, otherwise denies the allegations contained in the first sentence of paragraph 83

of the complaint. The allegations contained in the second sentence of paragraph 83 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. The allegations contained in paragraph 85 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86. The allegations contained in paragraph 86 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. The allegations contained in paragraph 87 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

88. The allegations contained in paragraph 88 of the

complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

89. The allegations contained in paragraph 89 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

90. The allegations contained in the first sentence of paragraph 90 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 90 to the extent supported by the audit report, which is the best evidence of its contents; otherwise, denies the allegations.

91. The allegations contained in paragraph 91 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

92. The allegations contained in paragraph 92 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are

denied.

93. The allegations contained in paragraph 93 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

94. The allegations contained in paragraph 94 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

95. The allegations contained in paragraph 95 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

96. The allegations contained in paragraph 96 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

97. Admits the allegations contained in the first, second, third, and fifth sentences of paragraph 97 of the complaint to the extent supported by the referenced audit reports and response, which are the best evidence of their contents; otherwise, denies the allegations. The allegations contained in

the fourth sentence of paragraph 97 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. Admits that the auditors did not provide their workpapers for the final audit report for 2000, otherwise denies the allegations contained in the first sentence of paragraph 98 of the complaint. Denies the remaining allegations contained in paragraph 98 for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

99. The allegations contained in paragraph 99 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

100. The allegations contained in paragraph 100 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

101. The allegations contained in paragraph 101 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

102. The allegations contained in paragraph 102 of the

complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

103. Admits the allegations contained in the first sentence of paragraph 103 of the complaint to the extent supported by the referenced audit report, which is the best evidence of its contents; otherwise, denies the allegations. The remaining allegations contained in paragraph 103 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

104. Admits the allegations contained in the first sentence of paragraph 104 of the complaint to the extent supported by the referenced audit report, which is the best evidence of its contents; otherwise, denies the allegations. The remaining allegations contained in paragraph 104 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

105. The allegations contained in paragraph 105 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

106. The allegations contained in paragraph 106 of the

complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

107. The allegations contained in paragraph 107 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

108. The allegations contained in paragraph 108 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

109. The allegations contained in paragraph 109 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

110. Defendant's responses to paragraphs 1 through 109 of the complaint are incorporated by reference.

111. The allegations contained in paragraph 111 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

112. The allegations contained in paragraph 112 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

113. Defendant's responses to paragraphs 1 through 112 of the complaint are incorporated by reference.

114. Admits the allegations contained in the first sentence of paragraph 114 of the complaint to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations. The allegations contained in the second and third sentences of paragraph 114 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

115. The allegations contained in paragraph 115 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, the allegations contained in the first sentence are denied, and the allegations contained in the second sentence are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations.

116. The allegations contained in paragraph 116 of the complaint

complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted.

117. The allegations contained in paragraph 117 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, the allegations contained in the first sentence are admitted, and the allegations contained in the second sentence are denied.

118. The allegations contained in paragraph 118 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

119. The allegations contained in paragraph 110 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

120. The allegations contained in paragraph 120 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

121. The allegations contained in paragraph 121 of the

complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

122. Defendant's responses to paragraphs 1 through 121 of the complaint are incorporated by reference.

123. The allegations contained in paragraph 123 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, denies the allegations.

124. The allegations contained in paragraph 124 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the referenced contract, which is the best evidence of its contents; otherwise, they are denied..

125. The allegations contained in paragraph 125 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

126. The allegations contained in paragraph 126 of the

complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

127. The allegations contained in paragraph 127 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

128. The allegations contained in paragraph 128 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

129. The allegations contained in paragraph 129 of the complaint constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

130. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 129, or to any relief whatsoever.

131. Denies each and every allegation not previously admitted or otherwise qualified.

## COUNTERCLAIM

132. The Court's jurisdiction to hear the counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

133. Effective January 1, 1976, the United States Office of Personnel Management and Rocky Mountain Health Maintenance Organization, Inc., entered into Group Health Benefits Contract No. CS 1662. Pursuant to the contract, Rocky Mountain agreed to provide certain health benefits to members of the Federal Employees Health Benefits Program in consideration of OPM's payment to Rocky Mountain of certain subscription charges. Each year, including contract years 1996 through 2000, the contract was renewed.

134. In August 2001, OPM audited Rocky Mountain's FEHBP rates for contract years 1996 through 2000.

135. By final decision dated September 30, 2003, the contracting officer determined that Rocky Mountain was required to reimburse the FEHBP $2,434,397 for defective pricing overcharges for contract years 1996, 1997, and 1999, and to reimburse the FEHBP $914,272 for lost investment income upon the defective pricing overcharges through September 25, 2003. The final decision states also that lost investment income shall continue to accrue until Rocky Mountain returns all funds due to the FEHBP.

136. Rocky Mountain has not paid any part of the $2,434,397, plus lost investment income or interest, that the contracting officer has found it owes defendant.

WHEREFORE, defendant respectfully requests the Court to dismiss the complaint, to enter judgment in favor of defendant upon defendant's counterclaim in the amount of $2,434,397, plus lost investment income and interest as permitted by law, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-7300
Facsimile: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

DEBRA PETCOVE
Office of General Counsel
Office of Personnel
Management
Washington, D.C.

February 10, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February 2005, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Reginald T. Blades, Jr.