**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ROCKY MOUNTAIN HMO**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA**<br><br>**Defendant.** | **Case No. 04-1434 C**<br>**Judge Marian Blank Horn**<br>**Filed: March 1, 2005** |

**PLAINTIFF ROCKY MOUNTAIN HMO'S ANSWER TO THE COUNTERCLAIM**

For its answer to the counterclaim, Plaintiff Rocky Mountain HMO ("RMHMO") respectfully admits, denies, and alleges as follows:

1. RMHMO admits the allegations in paragraph 132.

2. RMHMO admits the allegations in paragraph 133, except that it denies that Group Health Maintenance Contract No. CS 1662 was first entered into on January 1, 1976.

3. RMHMO admits the allegations in paragraph 134.

4. RMHMO admits the allegations in paragraph 135, but alleges that the contracting officer's determination that RMHMO charged a defective rate was in error and constitutes a breach of the contract between RMHMO and Defendant as well as Defendant's own rules and regulations for the FEHB program.

5. RMHMO admits the allegations in paragraph 136, but alleges that RMHMO filed this complaint to appeal the contracting officer's erroneous conclusion that Defendant is due overcharges for defective pricing by RMHMO for contract years 1996 through 2000.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant fails to identify a cause of action in its counterclaim and therefore has not stated a claim upon which relief can be granted.

### Second Affirmative Defense

Defendant's counterclaim is barred, in whole or in part, by the doctrine of offset because based on proper calculations RMHMO undercharged Defendant under Contract No. CS. 1662 during the period at issue in this action.

### Third Affirmative Defense

Defendant's counterclaim is barred, in whole or in part, by its unclean hands by failing to correct known errors made by Defendant's auditors and by Defendant's failure to comply with the rules and regulations applicable to the FEHB program.

### Fourth Affirmative Defense

Defendant's counterclaim is barred, in whole or in part, by accord and satisfaction because Plaintiff paid $7,755.00 to Defendant under a settlement agreement between the parties for Medicare loading issues. Defendant has not adjusted the relief sought in its counterclaim to reflect the $7,755.00 Plaintiff has paid and, therefore, Defendant's counterclaim improperly includes the alleged Medicare loading overcharges.

**Fifth Affirmative Defense**

Plaintiff reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**RELIEF**

WHEREFORE, Plaintiff Rocky Mountain HMO respectfully requests that this Court:

(a) Dismiss the counterclaim;

(b) Review and set aside Defendant's Final Decision adopting the Final Audit Report;

(c) Enter a Judgment in its favor against the Defendant in an amount to be determined at trial, but no less than $1,727,224;

(d) Order Defendant to pay interest on the damage amount from the date that Rocky Mountain HMO submitted its claim to OPM pursuant to 41 U.S.C. § 611;

(e) Award Rocky Mountain HMO its reasonable attorney's fees and court costs;

(f) Grant such other and further relief, as the Court deems just and appropriate.

Dated: March 1, 2005

*/s/ Jeffrey W. King*
Jeffrey W. King
KING PAGANO & HARRISON
1730 Pennsylvania Ave, N.W., Suite 900
Washington, DC 20006
(202) 371-6800
(202) 371-6770 (fax)

Counsel for Rocky Mountain HMO